# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:15CR00003-014 |
| v. | ) | **OPINION** |
| | ) | |
| ANTONIO HERNANDEZ MOHEDANO, | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Randy Ramseyer and Jennifer R. Bockhorst, Assistant United States Attorneys, Abingdon, Virginia, for United States. Brian J. Beck, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant has filed a pro se motion seeking relief under 28 U.S.C. § 2255. He has raised multiple claims, including an ineffective assistance of counsel claim alleging that his counsel failed to note an appeal. The United States has filed a motion to dismiss, to which the movant has responded. I appointed counsel for the appeal claim and held an evidentiary hearing limited to that issue. By oral opinion, I dismissed that claim. Min. Entry, May 15, 2019, ECF No. 1028. After reviewing the record, I will grant the motion to dismiss with regard to Mohedano's remaining claims.

After pleading guilty, the defendant was sentenced by this court on April 7, 2016, to a term of 210 months imprisonment on Count One of the Indictment. Count One charged the defendant with conspiring to manufacture, distribute, and

possess with the intent to distribute methamphetamine, its salts, isomers, or salts of its isomers, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(C), and 846. In his § 2255 motion, in addition to the appeal issue, Mohedano argues that his counsel rendered constitutionally deficient performance when he advised Mohedano during plea negotiations that the government's plea offer would result in a sentence of 11 to 14 years, and when he failed to investigate Mohedano's criminal history and ensure that the correct criminal history category was used at sentencing.

To state a viable claim for relief under § 2255, a defendant must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The movant bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

Criminal defendants have a Sixth Amendment right to effective legal assistance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Ineffective assistance claims, however, are not lightly granted — "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied

on as having produced a just result." *Id.* at 686. To that end, a defendant must satisfy a two-prong analysis showing both that counsel's performance fell below an objective standard of reasonableness and that the defendant was prejudiced by counsel's alleged deficient performance. *Id.* at 687. To satisfy the prejudice prong of *Strickland*, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. *Id.* at 694. When a defendant challenges a conviction entered after a guilty plea, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988).

As to Mohedano's claim of ineffective assistance of counsel due to his counsel's advice regarding the sentence he would likely receive upon accepting the government's plea offer, he has failed to satisfy both the performance and prejudice prongs of *Strickland*. "[A] 'miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel.'" *United States v. Moneymaker*, No.7:07CR00029-1, 2011 WL 108724, at *5 (W.D. Va. Jan. 13, 2011) (quoting *United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993)). Moreover, "if the trial court properly informed [Mohedano] of the potential sentence he faced, he could not be prejudiced by any misinformation his counsel allegedly provided

him." *United States v. Foster*, 68 F.3d 86, 88 (4th Cir. 1995). When Mohedano entered his guilty plea, the court conducted a Rule 11 colloquy in which it informed Mohedano that he faced a maximum penalty of 20 years imprisonment and the court could impose a sentence different from any estimate that his lawyer may have given him, and Mohedano stated that he understood. Absent extraordinary circumstances, "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (internal quotation marks omitted). Mohedano has not alleged any circumstances that would undermine his sworn statement that he understood the nature of his potential sentence.[1]

Mohedano's claim of ineffective assistance of counsel due to his counsel's alleged failure to investigate his criminal history and ensure that the correct criminal history category was used at sentencing also fails to satisfy *Strickland's* performance and prejudice prongs. Mohedano's Presentence Investigation Report ("PSR") found that he had a subtotal criminal history score of two, to which it added two points because Mohedano committed the charged offense while on probation in San Bernardino County District Court for driving without a license.

---

[1] Mohedano is a Spanish speaker, and an interpreter was present to assist him at his plea hearing.

Mohedano argues that if his counsel had properly investigated his criminal history, he would have found that "the 2010 driving offense in Petitioner's record did <u>not</u> carry a term of probation," and thus the additional two points were in error. Pet'r's Resp. to Resp't's Opp'n 5, ECF No. 931. However, a review of Mohedano's PSR reveals that although he was not on probation for this 2010 driving offense, he was on probation in San Bernardino County District Court for a 2009 offense of driving without a license. This term of probation was to expire on August 2, 2012, and the conduct charged in the present case occurred between April 2011 and December 2014. Thus, Mohedano committed the charged offense while on probation, and his total criminal history score was not in error. Accordingly, Mohedano has failed to show that his counsel's investigation of his criminal history was deficient or that he suffered any prejudice.

For these reasons, the United States' motion to dismiss will be granted and the § 2255 motion will be dismissed. A separate final order will be entered herewith.

DATED: May 20, 2019

/s/ James P. Jones
United States District Judge