IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:15CR00003-014 |
| v.  ) | **OPINION AND ORDER** |
| ) | JUDGE JAMES P. JONES |
| **ANTONIO HERNANDEZ MOHEDANO**, ) | |
| Defendant.  ) | |

*Antonio Herdandez Mohedano, Pro Se Defendant.*

The defendant, a federal inmate sentenced by this court and proceeding pro se, has filed what he styles as a Motion to Resolve Immigration Detainer. He alleges that Immigration and Customs Enforcement (ICE) has issued a detainer against him for possible deportation based on his federal criminal conviction. He states that he has been a legal and law-abiding immigrant and that his family is in the United States, so he requests that he be allowed to remain in the United States. Alternatively, he asks that he be allowed to voluntarily depart at the conclusion of his instant prison sentence. He contends that this relief will "allow him a meaningful effort at rehabilitation." Def.'s Mot. 2, ECF No. 1202. He also requests that the court hold a hearing on his possible deportation.

Federal law conveys power to immigration judges to preside over removal proceedings. 8 U.S.C. § 1229a(a)(1). Unless otherwise provided by law, removal

proceedings are the "sole and exclusive procedure for determining whether an alien may be . . . removed from the United States." *Id.* § 1229a(a)(3); *id.* § 1228(a)(1) (indicating that the removal of aliens convicted of committing aggravated felonies shall be conducted in accordance with § 1229a). Accordingly, this court does not have the power to decide whether the defendant should be deported from the United States.[1]

Although the defendant does not appear to directly challenge the legality of his immigration detainer and seek habeas relief, to the extent he does seek to bring such challenge, this court does not have jurisdiction to hear that claim. An ICE detainer, without more, does not place a prisoner in custody for purposes of habeas proceedings. *Zolicoffer v. U.S. Dep't of Just.*, 315 F.3d 538, 540–41 (5th Cir. 2003) (per curium); *Luma v. United States*, No. 7:07 CV 00068, 2007 WL 495327, at *1 n.4 (W.D. Va. Feb. 9, 2007) (noting that "[a]n alien who is confined pursuant to a criminal conviction is not in ICE custody simply because ICE has lodged a detainer against him with the prison where he is incarcerated"). If ICE had issued an order of removal in this case, the defendant's claim would still fail for lack of jurisdiction. 8 U.S.C. § 1252(a)(5) (noting that the exclusive means for judicial review of an order of removal is with the appropriate court of appeals).

Accordingly, the defendant's motion, ECF No. 1202, is DENIED.

---

[1] 8 U.S.C § 1228(c)'s judicial removal jurisdiction is not applicable in this matter.

-3-

The Clerk shall send a copy of this Order to the defendant.

It is so **ORDERED**.

ENTER: October 18, 2022

/s/  JAMES P. JONES
Senior United States District Judge